IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE K. PRAGOVICH, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02079 (JR) |
| | ) | |
| UNITED STATES, | ) | **ORAL ARGUMENT** |
| | ) | **REQUESTED** |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P.

12(b) to dismiss plaintiff's complaint for lack of subject matter jurisdiction or in

the alternative, for failure to state a claim.  The United States requests an oral

argument on the issue of whether 26 U.S.C. § 7433(d)(1)'s exhaustion

requirement is jurisdictional.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

3300014.1

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: May 23, 2008.

Respectfully submitted,

/s/ Yonatan Gelblum

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 305-3136/514-6866
Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE K. PRAGOVICH, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02079 (JR) |
| | ) | |
| UNITED STATES, | ) | **ORAL ARGUMENT** |
| | ) | **REQUESTED** |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS COMPLAINT

### ISSUE PRESENTED

Plaintiffs seek damages under 26 U.S.C. § 7433.  The complaint consists of generalized allegations without factual support.  The plaintiffs have not alleged that they have exhausted their administrative remedies.  This Court has previously dismissed an essentially identical complaint for failure to state a claim and lack of subject matter jurisdiction.  See Wesselman v. United States, 501 F. Supp. 2d 98 (D.D.C. 2007) (Huvelle, J.).  Should the Court dismiss the complaint for lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted?

### STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, George K. and Claudia V.

3300014.1

Pragovich, filed this complaint on November 14, 2007, and served the Attorney

General and the United States Attorney.  The complaint is virtually identical to

the complaint that this Court dismissed for lack of subject-matter jurisdiction and

failure to state a claim in Wesselman v. United States, 501 F. Supp. 2d 98 (D.D.C.

2007).1/

　　　2. Relief sought and allegations in the complaint.  The complaint seeks

damages under 26 U.S.C. § 7433.  (Compl., Remedy Sought, at 3.)  The complaint

does not allege that the plaintiffs have exhausted the administrative remedies

established under 26 C.F.R. § 301.7433-1.  The plaintiffs have organized their

complaint into 41 purported "counts" of alleged wrongdoing by the Internal

Revenue Service.  In each count, the plaintiffs make no relevant factual

allegations, and merely restate the statutory language and assert that the Internal

Revenue Service failed to implement the statutes and regulations.2/

---

　　　1/ The only apparent difference is that counts 40 and 41, which alleged violation
of 26 U.S.C. § 7214, in Wesselman assert that the violation resulted in the unlawful filing
of a civil suit and misappropriation of the plaintiff's property, while in the present case,
these counts allege that these violations resulted in the unlawful prosecution and
conviction of the plaintiff for tax crimes.  In all other respects the complaint appears to
be identical to that in Wesselman.  This complaint is also similar but not identical to a
complaint filed by the plaintiffs and previously dismissed by this Court under rule
12(b)(6) for failure to exhaust administrative remedies.  See Pragovich v. United States,
No. 05-cv-2222, 2007 U.S. Dist. LEXIS 10068 (D.D.C. 2007) (Robertson, J.).

　　　2/ In Wesselman, the Court categorized the same allegations by noting that one
set (counts 1-8 and 10) allege failure to notify the plaintiff of obligations to keep records
and file tax returns, failure to prepare or execute substitute tax returns, and improper

ARGUMENT

I.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S ALLEGATIONS
THAT DO NOT ARISE FROM THE COLLECTION OF TAXES

"A plaintiff bears the burden of establishing jurisdiction by a

preponderance of the evidence." Wesselman, 501 F. Supp. at 100.  The Court

previously held in Wesselman that it lacked jurisdiction to award relief for any

counts that did not arise out of collection activity, dismissing many of the

jurisdictional statements in the complaint.   Thus, it held that the Administrative

Procedure Act, 5 U.S.C. § 701, et seq., does not establish jurisdiction because the

complaint seeks money damages, id. at 100-01, and that the Anti-Injunction Act

deprives the Court of jurisdiction to the extent the plaintiff seeks injunctive relief.

Id. at 101 n. 3.  The Court further held that neither the Federal Records Act nor the

National Archives Act provides a waiver of sovereign immunity necessary for the

---

use of his social security number; a second set (counts 9 and 16-17) allege failure to
disclose certain records relating to the plaintiff; a third set (counts 11-15 and 33) allege
improper assessments or assessment procedures; a fourth set (counts 18-19) allege
failure to satisfy statutory duties to promulgate and implement various procedures and
regulations; a fifth set (counts 20-26) allege that the United States exceeded its authority
to collect taxes under 26 U.S.C. § 6301; a sixth set (counts 27-29) allege that the United
States failed to send notices required under 26 U.S.C. § 6303; a seventh category (count
30) alleges harassment in connection with the collection of taxes; an eighth category
(count 31) alleges that the United States denied the plaintiff a hearing under 26 U.S.C.
§§ 6320 & 6330; and a ninth set (counts 32 and 34-41) alleges that the United States
improperly asserted tax liens or claims against the plaintiff.  501 F. Supp. 2d at 100.

3300014.1

Court to have subject matter jurisdiction.  Id. at 100 n. 2.3/

Thus, the Court held that any counts in the complaint that do not fall within the scope of 26 U.S.C. § 7433 must be dismissed for lack of jurisdiction because sovereign immunity has not been waived in regard to those counts, and since section 7433 only applies to the collection of taxes, the Court lacks jurisdiction to adjudicate any of the counts that do not "aris[e] from the collection of income taxes."  Id. at 101 (quoting Buaiz v. United States, 471 F.Supp.2d 129, 137 (D.D.C. 2007)).  The same result should follow in this case.  Accordingly, the Court lacks subject matter jurisdiction over counts 1-19 and 33, which are identical to the same-numbered counts in Wesselman over which the Court held it lacked subject matter jurisdiction.  Id. at 102.

In addition, the United States respectfully submits that counts 27-29 of the complaint, relating to notice and demand, do not arise in relation to collection, but rather in relation to assessment.  Thus, they do not fall within the scope of 26 U.S.C. § 7433.  See Arnett v. United States, 889 F.Supp. 1424, 1430 (D. Kan. 1995)

---

3/   The Court also lacks  jurisdiction to grant relief based on the plaintiff's allegations that the United States violated 26 U.S.C. § 7214 .  Id. at 99 n. 1 ("Congress has not waived sovereign immunity with respect to claims for damages under § 7214.") (citing Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990); Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006)).  In any event, the plaintiff has failed to state a claim under section 7214 because it is a criminal provision that does not confer or provide for a private cause of action and because, to the extent his allegations relate to improper collections activity, 26 U.S.C. 7433 states that it is the exclusive remedy.  Id.

3300014.1

(actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute

collection activity for purposes of section 7433); Sylvester v. United States, 978

F.Supp. 1186 (E.D. Wis. 1997) (allegation that the Internal Revenue Service

incorrectly computed section 6672 liability was an error in assessment and not

collection and therefore irrelevant to section 7433 claim); Zolman v. Internal

Revenue Service, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper

assessment of tax liability, without more, is insufficient for section 7433 claim).

Counts 27-29 relate to the notice and demand associated with an assessment, and

thus do not arise from collection activities.  See Huff v. United States, 10 F.3d 1440,

1445 (9th Cir. 1993) ("[C]laims that the IRS failed to properly notice deficiencies

address the merits of an assessment.").


## II.
### THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER 26 U.S.C § 7433 BECAUSE THE PLAINTIFFS HAVE NOT ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES.

The United States respectfully asks the Court to reconsider its prior

holdings that the exhaustion requirement in 26 U.S.C. § 7433 is nonjurisdictional,

and dismiss the plaintiff's collections-related claims for lack of subject matter

jurisdiction.  Several judges of this Court have previously held that section

7433(d)'s exhaustion requirement is nonjurisdictional. See, e.g., Ross v. United

States, 448 F. Supp. 2d 139 (D.D.C. 2006) (Bates, J.); Lindsey v. United States, 448 F.

Supp. 2d 37 (D.D.C. 2006) (Walton, J.); Turner v. United States, 429 F. Supp. 2d 149

(D.D.C. 2006) (Bates, J.); Davis v. United States, No. 05-cv-2474, 2006 U.S. Dist.

LEXIS 66627 (D.D.C. Sept. 19, 2006).4/ These opinions rely on the Supreme

Court's opinion in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) and the D.C.

Circuit's opinion in Avocados Plus Inc. v. Veneman, 370 F.3d 1243 (D.C. Cir.

2004), to conclude that only "sweeping and direct language" and "clear,

unequivocal terms" in the statute can make an exhaustion requirement

jurisdictional.  Davis, 2006 U.S. Dist. LEXIS 66627 at *18-*19.  They hold that under

this standard, section 7433(d)(1)'s language is nonjurisdictional. E.g., id. at *21.

    The United States submits that based on a recent Supreme Court ruling and

on arguments not previously raised by the United States in this Court, section

7433(d)(1)'s exhaustion requirement is jurisdictional.  The United States asserts

that the standard implied by Avocados Plus and Arbaugh, that a limitation on a

cause of action can be jurisdictional only if the language of the statute so states,

has been called into question by the Supreme Court's recent opinion in John R.

Sand & Gravel Co. v. United States, 128 S.Ct. 750 (2008), which indicates that

factors beyond the mere statutory language may be considered when determining

---

    4/ But see, e.g., Whittington v.United States, No. 1:07-cv-02135, 2007 U.S. Dist.
LEXIS 9924 (D.D.C. Feb. 12 2007).

3300014.1

if a limitation on the right to bring suit is jurisdictional. Further, the United States asserts that even under the Court's strictly textual standard, the language of section 7433(d)(1) makes abundantly clear that the exhaustion requirement is jurisdictional. Given that when the Court first held that section 7433(d)(1) is nonjurisdictional, it acknowledged that the matter was an "especially close question," <u>Turner v. United States</u>, 429 F. Supp. 2d 149, 155 (D.D.C. 2006), the United States respectfully suggests that in light of the recent clarification in the Supreme Court's jurisprudence and the additional arguments raised herein, it is appropriate for the Court to reconsider its prior holding in this matter.

A. UNDER THE STANDARD INDICATED BY <u>JOHN R. SAND & GRAVEL CO. V. UNITED STATES</u>, SECTION 7433(D)(1) IMPOSES A JURISDICTIONAL REQUIREMENT

This Court's holdings that section 7433(d)(1) is nonjurisdictional relied on the Supreme Court's opinion in <u>Arbaugh</u>, which implied that courts should apply an "administrable bright line" test under which only the language of a statute should be considered when deciding if a limitation on a cause of action is jurisdictional. 546 U.S. at 516 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed."). This Court found that <u>Arbaugh</u> appeared to reaffirm the standard applied in <u>Avocados Plus</u>, under which only "sweeping and direct statutory language" stated in "clear, unequivocal terms" can make an

3300014.1

exhaustion requirement jurisdictional. See, e.g., Davis, 2006 U.S. Dist. LEXIS 66627 at *18-*19.  In John R. Sand & Gravel, however, the Supreme Court appears to have retreated from the position it asserted in Arbaugh.  Cf. Kay v. Sec'y of HHS, 80 Fed. Cl. 601, 605 (Fed. Cl. 2008) (stating that John R. Sand & Gravel overruled Arbaugh at least in part).

John R. Sand & Gravel noted with approval that limitations in statutes have been found to be jurisdictional based on a "broad[] system related goal" such as limiting waivers of sovereign immunity, facilitating administration of claims, or promoting judicial efficiency. 128 S. Ct. at 753.  It then held that the Court of Claims statute of limitations is jurisdictional, relying on a history of consistent judicial interpretation, and to a lesser extent, legislative history, and the statute's text, rather than merely examining the statutory text.  The United States asserts that John R. Sand & Gravel limits the broad language used in Arbaugh, and represents a return to prior Supreme Court practice of finding limitations - including exhaustion requirements - to be jurisdictional based on factors that are not strictly limited to the statute's text.5/

---

5/ Although Avocados Plus derives its "sweeping and direct" language from Weinberger v. Salfi, 422 U.S. 479 (1975), Weinberger simply held that "sweeping and direct" language was a sufficient basis for finding that an exhaustion requirement is jurisdictional, see 422 U.S. at 457, rather than holding that it was the only possible basis for finding an exhaustion requirement to be jurisdictional. See Collin Miller, "Manifest Destiny?: How Some Courts Have Fallaciously Come to Require a Greater Showing of

Consideration of the additional criteria mentioned in John R. Sand & Gravel favors finding the exhaustion requirement in section 7433(d)(1) to be jurisdictional.  First, the opinion described limiting a waiver of sovereign immunity as a "broad[] system-related goal" that would support a conclusion that a limitation is jurisdictional.  128 S.Ct. at 754.  In this regard, it cited United States v. Dalm, 494 U.S. 596 (1990), which held that the time limitations for complying with 26 U.S.C. § 7422(a) administrative claim requirements to be jurisdictional. Dalm had stated that a wavier of sovereign immunity should not be extended "beyond that which Congress intended." Id. at 608 (internal quotation marks and citations omitted).

Here, when it enacted the present version of section 7433, which reinstated the administrative exhaustion requirement, Congress stated its position that "[n]o person is entitled to seek civil damages [under section 7433] in a court of law unless he first exhausts his administrative remedies." H.R. Rep. 105-356, 105 Cong. 1st Sess. (Oct. 29, 1997); S.R. Rep. 105-174, 105 Cong. 2d. Sess. (April 22,

---

Congressional Intent for Jurisdictional Exhaustion Than They require for Preemption, 2008 B.Y.U.L. Rev. 169, 184-86 (2008).  In the 32 years since Weinberger, the Supreme Court has decided several exhaustion cases and cited Weinberger multiple times without quoting the terms "sweeping and direct;" instead, it has considered many factors in addition to the statute's language - including the policy underlying the statute, its structure, prior caselaw, and even post-enactment legislative history - in determining whether administrative exhaustion requirements are jurisdictional. See Miller, supra, at 186-87 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) and other cases).

-8-

3300014.1

1998).  It is difficult, in light of this language, to assert that Congress could have

intended to extend the waiver of sovereign immunity in section 7433 to situations

in which a taxpayer had not exhausted administrative remedies.  While this

statement is in the legislative history and not the text of the statute, John R. Sand

& Gravel itself considered the language of the statute in conjunction with its

legislative history (besides relying on prior judicial interpretations) in determining

that the statute of limitations at issue in that case was jurisdictional. 128 S. Ct. at

755.  Accordingly, in light of John R. Sand & Gravel's implications for the role of

sovereign immunity and legislative history in determining whether a limitation is

jurisdictional, it is appropriate to find that section 7433(d)(1) limits the waiver of

sovereign immunity in section 7433, and is thus jurisdictional.

    John R. Sand & Gravel also held that where a provision has been

consistently interpreted as jursidictional in nature, courts should not lightly

reverse such an interpretation, particularly where Congress has had an

opportunity, when revising a statute, to express an intent to overturn the prior

state of the law and has not done so.  128 S.Ct. at 755-578. Here, a cause of action

under section 7433 was first enacted in 1988 and contained the same exhaustion

requirement as the present statute. See Pub. L. 100-647, Title VI, § 6241(a), Nov. 10,

1988.  Although this requirement was removed in 1994 when section 7433 was

modified to make it only a basis for reducing damages, <u>see</u> Pub. L. 104-168, Title VIII, §§ 801(a), 802(a), July 30, 1996, in actions to which it applied in the interim, no fewer than 61 decisions issued by 36 different courts (including eight circuit courts of appeals) treated this exhaustion requirement as jurisdictional.<u>6</u>/  In addition, five years prior to the statute's original enactment in 1988, this Court found similarly worded language in 26 U.S.C. § 7428(b)(2)<u>7</u>/ to be jurisdictional. <u>Synanon Church v. United States</u>, 557 F. Supp. 1329, 1332 (D.D.C. 1983).  Thus, when Congress chose to readopt the language barring judgment under section 7433(d)(1) absent administrative exhaustion, it did so in the context of consistent judicial interpretation of the requirement as jurisdictional, and rather than expressing any intent to change the jurisdictional effect given to the language in prior judicial opinions, it indicated the opposite intent, as described above.  Again, under <u>John R. Sand & Gravel</u>, this consistency of interpretation, combined with Congress' apparent endorsement, supports a conclusion that the requirement is jurisdictional.

---

<u>6</u>/ A citation to these opinions is attached as Exhibit A.

<u>7</u>/ "A declaratory judgment or decree under this section [governing charitable status determinations] shall not be issued in any proceeding unless the [court] determines that the organization involved has exhausted administrative remedies available to it within the Internal Revenue Service."

B.  SECTION 7433(D)(1) STATES IN "SWEEPING AND DIRECT" LANGUAGE AND IN "CLEAR, UNEQUIVOCAL TERMS" THAT EXHAUSTION IS JURISDICTIONAL

The United States asserts that even under the strictly textual standard previously applied by this Court, the administrative exhaustion requirement in section 7433 is jurisdictional according to its own terms.8/  Limiting language referencing a court's power to grant a judgment, as in 26 U.S.C. § 7433(d)(1), is no less jurisdictional than limits expressed in terms of a plaintiff's ability to maintain an action, as in 26 U.S.C. § 7422(a), which this Court has found to be jurisdictional. The jurisdictional nature of the language in section 7433(d)(1) is also apparent from the fact that it charges the court itself with verifying exhaustion.  This Court's emphasis on the placement of section 7433's exhaustion requirement near a statute of limitations, which it termed "clearly . . . not jurisdictional," Turner, 429 F. Supp. 2d at 154 (citing Arbaugh, 126 S. Ct. at 1242) is no longer tenable given John R. Sand & Gravel's holding that statutes of limitations can themselves be jurisdictional.  Furthermore, the placement of section 7433's exhaustion

_____

8/ The United States has not previously argued that under the "sweeping and direct" and "clear, unequivocal terms" standard, section 7433's exhaustion requirement is jurisdictional, asserting instead that the Court should use an alternative analysis altogether, essentially requiring express language to demonstrate a waiver of sovereign immunity that excuses exhaustion; the Court has generally rejected this argument.  See, e.g., Lykens v. United States Gov't, 2006 U.S. Dist. LEXIS 85426 (D.D.C. 2006). The United States now asserts that under the Court's framework, the language in section 7433(d)(1) is clearly jurisdictional.

requirement between - and near - its two provisions granting jurisdiction is very different from the distance placement of the jurisdictional and limiting provisions in Arbaugh, on which this Court has relied when finding the exhaustion requirement to be nonjurisdictional. Consistent with the United States' position, courts of appeals that have adopted the same "sweeping and direct" standard for jurisdictional exhaustion have consistently found the language in section 7433(d)(1) and similarly-worded statutes to be jurisdictional. Accordingly, the United States asserts that even under the Court's textual standard, section 7433's exhaustion requirement is properly termed jurisdictional.

1. A Limitation Referring to the Court's Power to Grant a Judgment Is Jurisdictional

The Court has previously held that section 7433's exhaustion provision, which states that a "judgment . . . shall not be awarded" absent exhaustion, is nonjurisdictional because it lacks the "sweeping and direct" language and "clear, unequivocal terms" of section 7422's exhaustion provision, which states that "[n]o suit or proceeding shall be maintained" for refund of a tax absent exhaustion. 26 U.S.C. § 7422(a). See, e.g., Davis, 2006 U.S. Dist. LEXIS 66627 at *11. Cf. Dalm, 494 U.S. 596. The Court did not explain why a limit expressed in terms of a court's

ability to grant judgment, in contrast to the ability of a litigant to bring an action, does not directly refer to the court's jurisdiction. These holdings appear to assume that jurisdiction only refers to a plaintiff's ability to bring an action before a court, and not to the court's power to award relief.

In fact, jurisdiction is frequently defined as the power of a court to issue a judgment. See, e.g., Black's Law Dictionary 855, 857 (7th Ed. 1999) (defining jurisdiction as "[a] court's power to . . . issue a decree," and subject matter jurisdiction as "the extent to which a court can rule on the conduct of persons or the status of things."). In addition, a legal bar to the court's power to grant relief essentially deprives the court of jurisdiction, since the inability of a court to redress a plaintiff's injury means that the plaintiff lacks standing. See, e.g, Lujan v. Defenders of Wildlife, 504 U.S. 555, 569-70 (1992) (holding that the plaintiffs failed to establish standing - and therefore subject matter jurisdiction - in part because they had failed to join certain agency heads, whose policies they sought to nullify, as defendants, so that the court lacked the power to grant the relief they sought).9/ Thus, when section 7433(d)(1) prohibits a court from granting any

_____

9/ Furthermore, in the specific context of statutes authorizing suits against the United States, limits worded in terms of a court's ability to grant judgment have been viewed as limits on the waiver of sovereign immunity, see United States v. Idaho ex. rel. Dir., Iadho Dep't of Water Resources, 508 U.S. 1, 6-7 (1993) (finding that the McCarran Amendment's provision that "no judgment for costs shall be entered against the United States," 43 U.S.C. § 666(a), meant that the United States had not waived its sovereign

-13-

relief under the section if the taxpayer has failed to exhaust his administrative remedies, it does use the "sweeping and direct statutory language" and "clear, unequivocal terms" that this Court has found necessary to make an exhaustion provision jurisdictional.10/

2. Language in Section 7433(d)(1) Requiring the Court to Ascertain Exhaustion Is Jurisdictional

The language of section 7433(d)(1) does not merely prohibit a judgment where the plaintiff has failed to exhaust his remedies: it specifically requires the court to ascertain exhaustion before granting relief. 26 U.S.C. 7433(d)(1) ("A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies.") (emphasis added).  This language is jurisdictional, because only in the case of jurisdictional limitations does the court have an independent obligation to ensure that the limitation does not apply. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  The Supreme Court, in finding that the limitation at issue in Arbaugh was not

immunity with respect to such costs).

10/ In addition, given the jurisdictional treatment accorded to the language by dozens of courts prior to its reincorporation into the statute in 1998, as described in part II.A., supra, it is unlikely that Congress did not believe that it was speaking in "clear, unequivocal" jurisdictional terms when it reinstated this language in 1998.

3300014.1

jurisdictional, specifically noted that "[n]othing in the text of Title VII indicates that Congress intended courts, <u>on their own motion</u>, to assure that the employee-numerosity requirement is met." 546 U.S. at 514 (emphasis added). Here, in contrast, the language of the exhaustion provision charges the court with ensuring that this requirement is met, and is thus jurisdictional.

3.  The Placement of the Exhaustion Provision Supports Its Jurisdictional Nature

In finding that section 7433(d)(1)'s exhaustion requirement is nonjurisdictional, this Court has relied on its placement within the statute. Specifically, it has noted that the exhaustion requirement is placed in a subsection entitled "limitations" along with the section's statute of limitations, which it termed "clearly . . . not jurisdictional" and is not adjacent to the jurisdictional grant in section 7433(a). <u>Turner</u>, 429 F. Supp. 2d at 154 (citing <u>Arbaugh</u>, 126 S. Ct. at 1242). Both in its conclusion that the exhaustion requirement was placed next to a statute of limitations that was "not jurisdictional" and in its inference that its placement away from section 7433(a) was relevant to its effect on jurisdiction, the Court relied heavily on <u>Arbaugh</u>. The United States respectfully suggests that the location of the exhaustion provision in the same subsection as the statute of limitations does not indicate that it is nonjurisdictional, in light of <u>John R. Sand &</u>

-15-

Gravel Co.'s holding that statutes of limitations can be jurisdictional.  See Kay, 80

Fed. Cl. at 605 (stating that John R. Sand & Gravel overruled Arbaugh in this

regard).

Furthermore, the placement of the provisions at issue in Arbaugh indicated

a significantly more attenuated relationship than is indicated by the placement of

the relevant provisions of section 7433.  In Arbaugh, the relevant provisions were

scattered across three different sections of the United States Code.  42 U.S.C. §

2000(e)(b) defined an employer as having at least 15 employees, 42 U.S.C. § 2000e-

(2)(a)(1) defined the cause of action as being against an "employer," while 42

U.S.C. § 2000e-5(f)(3) conferred jurisdiction on the district court.  These provisions

are located, respectively, on pages 604, 615 and 626 of the applicable volume of

the United States Code.  In contrast to these widely-scattered provisions, the

exhaustion provision in section 7433(d)(1) is located in the same Code section as

the jurisdictional grant, and is in fact sandwiched between the two subsections, 26

U.S.C. §§ 7433(a) & 7433(e), which respectively grant jurisdiction to the district

and bankruptcy courts.  It is only sentences away from these grants of jurisdiction,

not pages apart as in Arbaugh, and the United States respectfully suggests that to

the extent its typographical position is indicative of anything, it is that it should

apply with equal force to both subsections.  Accordingly, the placement of section

-16-

7433's exhaustion provision does not undermine its jurisdictional nature.

4.  Courts That Apply This Court's Standard for Jurisdictional Exhaustion Hold That Section 7433's Language Is Jurisdictional

The United States believes that its position is further bolstered by caselaw from other circuits that have apply a textual test - as has this Court - and have determined that section 7433(d)(1) is jurisdictional.  Six circuit courts of appeals have adopted the "sweeping and direct" test11/ for determining if an administrative exhaustion requirement is jurisdictional. See Casanova v. Dubois, 289 F.3d 142, 146 (1st Cir. 2002); Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003); Central States Southeast and Southwest Area Pension Fund v. T.I.M.E.-DC,

---

11/ Four circuits have directly adopted the D.C. Circuit's "clear, unequivocal terms" language when determining if an exhaustion requirement is jurisdictional, three of them within the last two years.  See Dawson Farms, LLC v. Farm Serv. Agency, 504 F.3d 592, 605 (5th Cir 2007); Doe v. Oberweis Dairy, 456 F.3d 704, 712 (7th Cir 2006); Ace Prop & Cas. Ins. Co. v. Fed. Crop. Ins. Corp., 440 F.3d 992, 997 (8th Cir. 2006); Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 122 (4th Cir. 1991).  None appear to have passed on the jurisdictional issue in section 7433 since adopting this language. However, the Fourth Circuit, in Grew v. United States (In re Grew), 4 F.3d 299 (4th Cir. 1993), which addressed the award of attorney's fees under 26 U.S.C. 7430, which contains a similarly-worded exhaustion requirement, cited with approval to Kenlin Industries, Inc. v. United States, 927 F.2d 782, 786 (4th Cir. 1991), which found the requirement to be jurisdictional. Grewe, 4 F.3d at 305.  Furthermore, district courts in the Fourth Circuit have continued to treat section 7433(d)(1) as jurisdictional. See, e.g., Peddie v. United States, IRS, 1997 U.S. Dist. LEXIS 19064 (S.D. Miss. 1994); Simmons v. United States, 875 F. Supp. 318 (W.D. N.C. 1994); Felkel v. United States, 861 F. Supp. 507 (D. S.C. 1994).

Inc., 826 F.2d 320 (5th Cir. 1985); Wright v. Morris, 111 F.3d 414, 420-21 (6th Cir.

1997); Chelette v. Harris, 229 F.3d 684, 687-88 (8th Cir. 2000); Rumbles v. Hill, 182

F.3d 1064, 1067-68 (9th Cir. 1999). Five of these circuits have subsequently treated

the exhaustion requirement in section 7433(d)(1) or the similarly-worded

provisions in 26 U.S.C. § 7430(b)(2)12/ and 7432(d)(1)13/ as jurisdictional.14/ See

Nogueras-Cartagena v. United States, 125 Fed. Appx. 323, 325 (1st Cir. 2005) (per

curiam) (plaintiff has "not established jurisdiction" under section 7433 where he

has failed to exhaust remedies); Kuhl v. United States, 467 F.3d 145, 146-47 (2d Cir.

2006) (remanding with instructions to dismiss a request for attorney's fees under

section 7430 for lack of jurisdictional and comparing section 7430(b)(1) with

section 7433(d)(1)); Information Resources v. United States, 950 F.2d 1122, 1127-28

(stating that the court had jurisdiction under sections 7432 and 7433 only because

it concluded that administrative remedies under section 7432 were inadequate

---

12/ "A judgment for reasonable litigation costs [under a fee-shifting provision applying to tax litigation] shall not be awarded . . . unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service."

13/"A judgment for damages [for failure to release a tax lien] shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

14/ The Eighth Circuit does not appear to have addressed the issue since adopting the "sweeping and direct" standard.

3300014.1

and wholly unavailable under section 7433 at the time the plaintiff filed suit);

Romp v. United States, 96 Fed. Appx. 978, 980 (6th Cir. 2004) (dismissing a suit

under section 7433 for lack of subject matter jurisdiction where the plaintiffs had

failed to exhaust administrative remedies); Klimas v. Dep't of the Treasury, 122

Fed. Appx. 355, 356-57 (9th Cir. 2005) (stating that the district court lacked

jurisdiction over a section 7433 claim where the plaintiff had failed to exhaust

administrative remedies).

　　　The consistency with which courts that have adopted the "sweeping and

direct" standard for finding section 7433(d)(1)'s text to be jurisdictional further

demonstrates that under this Court's textual standard, section 7433(d)(1)'s

exhaustion requirement is jurisdictional.  Because the plaintiffs fail to demonstrate

or even allege that they filed an administrative claim complying with the

requirements set forth in 26 C.F.R. § 301.7334-1 for filing an administrative claim

pursuant to section 7433, the Court should dismiss this suit for lack of subject

matter jurisdiction.15/

---

　　　15/ Alternatively, the plaintiffs have failed to establish standing to sue under
section 7433; the counts relating to collections activities do not allege any wrongs
committed against the plaintiffs, and thus do not fall under the scope of 26 U.S.C § 7433,
which only addresses violations "in connection with any collection of Federal tax with
respect to a taxpayer" (emphasis added).   Thus, a suit under section 7433 must be filed
by a taxpayer in respect to whose taxes the collection activities at issue occurred.  Ferrel
v. Brown, 847 F. Supp. 1524, 1528 (W.D. Wash. 1993), aff'd & adopted by Ferrel v.
Brown, 40 F.3d 1049 (9th Cir. 1994).

3300014.1

III.

SHOULD THE COURT HAVE JURISDICTION UNDER 26 U.S.C. § 7433, IT SHOULD DISMISS
THE SUIT FOR FAILURE TO STATE A CLAIM

The plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433,
and seek $10,000 for each alleged disregard of statutory requirements.  (Compl.,
Remedy Sought, at 16.)  The plaintiffs' complaint for damages under 26 U.S.C. §
7433 is legally insufficient because it fails to provide the necessary factual detail to
state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  A complaint
need only set forth a short and plain statement of the claim that gives the
defendant fair notice of the claim and grounds upon which it rests.  Fed.R.Civ.P.
8(a).  But, here, there are no facts in the plaintiff's complaint to support a claim for
damages; and thus, this court should conclude that the plaintiff has not, in fact or
law, stated such a claim.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-
65 (2007), cited by Wesselman, 501 F. Supp. 2d at 102.

As noted by this Court when evaluating the same claims, they are "entirely
devoid of factual allegations."  Wesselman, 501 F. Supp. 2d at 102.  They merely
parrot the statutory language of the Internal Revenue Code sections to which they
cite, without giving details as to assessments, liens, dates, or the specific conduct

-20-

of Internal Revenue Service employees that brought about the alleged violations of the statutes cited.  <u>Id.</u>  The plaintiffs' allegations that the Internal Revenue Service engaged in unauthorized collection activities thus have no merit.  In none of the allegations have the plaintiffs provided any information whatsoever to demonstrate their right to relief.  Accordingly, they have failed to state a claim, and this Court should dismiss their complaint.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. at 1964-65.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

3300014.1

/ /

/ /

CONCLUSION

Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction. Should the Court nonetheless determine that it has jurisdiction over the counts concerning collection, the allegations that mention collection activities are completely devoid of fact or information from which the Court can conclude that the plaintiff is entitled to relief under section 7433. Since all claims must be dismissed under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6), this Court should dismiss the plaintiff's complaint in its entirety.

DATE: May 23, 2008.

Respectfully submitted,

/s/ Yonatan Gelblum
YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 305-3136/514-6866
Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE K. PRAGOVICH, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02079 (JR) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS COMPLAINT supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 23rd day of May, 2008, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>    George K. Pragovich
>    Claudia V. Pragovich
>    135 Westfield Ct. #1505
>    Clarksville, TN 37040

/s/ Yonatan Gelblum

YONATAN GELBLUM

-23-

3300014.1

**EXHIBIT A: Pre-1998 Cases Treating 26 U.S.C. § 7433(d)(1) as Jurisdictional**

Fishburn v. Brown, 125 F.3d 979 (6th Cir. 1997); La Spina v. Wucherer, 1997 U.S. App. LEXIS 10808 (9th Cir. 1997)  Larue v. Collector of Internal Revenue, 1996 U.S. App. LEXIS 23389 (7th Cir. 1996); Moffett v. Tolotti, 1996 U.S. App. LEXIS 26704 (9th Cir. 1996); Porter v. Fox, 99 F. 3d 271 (8th Cir. 1996); Niewald v. IRS, 1996 U.S. App. LEXIS 244 (10th Cir. 1996); Manwani v. Brunelle, 1995 U.S. App. LEXIS 39938 (2d Cir. 1995); Travis v. United States, 1995 U.s. App. LEXIS 9685 (9th Cir. 1995); Lemon v. Martin, 1995 U.S. App. LEXIS 1090 (9th Cir. 1995); Tempelman v. Beasley, 1994 U.S. App. LEXIS 36055 (1st Cir. 1994); Hanley v. United States, 1994 U.S. App. LEXIS 30760 (1st Cir. 1994); Venen v. United States, 38 F.3d 100 (3d. Cir. 1994); Murray v. United States, 1994 U.S. App. LEXIS 23069 (9th Cir. 1994); Park v. IRS Dist. Director, 1994 U.S. App. LEXIS 21257 (9th Cir. 1994); Chow v. Giordano, 1994 U.S. App. LEXIS 11048 (9th Cir. 1994); Information Resources v. United States, 950 F.2d 1122 (5th Cir. 1992); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Gartin v. Spyderco, Inc., 1997 U.S. Dist. LEXIS 11593 (D. Colo. 1997); Leonard v. United States, 1997 U.S. Dist. LEXIS 5439 (D. Colo. 1997); Oppel v. United States, 1997 U.S. Dist. LEXIS 1689 (D. Idaho 1997); Jensen v. IRS, 1997 U.S. Dist. LEXIS 22937 (D. Nev. 1997); Peddie v. United States, IRS, 1997 U.S. Dist. LEXIS 19450 (M.D. N.C. 1997); Traver v. United States, 1997 U.S. Dist. LEXIS 3873 (D. Or. 1997): Benjamin v. Aiello, 1997 U.S. Dist. LEXIS 19028 (M.D. Pa. 1997); Sintz, Campbell, Duke & Taylor v. United Statets, 197 B.R. 351 (S.D. Ala. 1996); Larue v. Bigelow, 1996 U.S. Dist. LEXIS 17684 (D. Ariz. 1996); Steinman v. IRS, 1996 U.S. Dist. LEXIS 8610 (D. Ariz. 1996); Gasparutti v. U.S.A., 1996 U.S. Dist. LEXIS 14457 (C.D. Cal. 1996); Urwyler v. United States, 1996 U.S. Dist. LEXIS 684 (E.D. Cal. 1996); Ward v. United States, 1996 U.S. Dist. LEXIS (M.D. Fla. 1996); Whitney v. IRS, 1996 U.S. Dist. LEXIS 7440 (N.D. Ill 1996); Joeckel v. Collector of Internal Revenue, 1996 U.S. Dist. LEXIS 20188 (D. Neb. 1996); Whispell v. United States, 1996 U.S. Dist. LEXIS 615 (D. Or. 1996); Stone v. United States, 1996 U.S. Dist. LEXIS 8030 (E.D. Pa. 1996); Wishart v. Agents for Int'l Monetary Fund, IRS, 1995 U.S. Dist. LEXIS 16625 (N.D. Cal. 1995); Kaiawe v. Department of Treasury/IRS, 1995 U.S. Dist. LEXIS 9277 (D. Haw. 1995); Gleason v. Cheskaty, 1995 U.S. Dist. LEXIS 9318 (D. Idaho 1995); Tighe v. United States, 1995 U.S. Dist. LEXIS 8283 (D. Mass. 1995); White v. Commissioner, 899 F. Supp. 767, 772 (D. Mass 1995); Woodman v. United States, 1995 U.S. Dist. LEXIS 2802 (E.D. Mich. 1995); Mohler v. United States, 1995 U.S. Dist. LEXIS 14535 (D. Mont. 1995); Ostheimer v. Commissioner, 1995 U.S. Dist. LEXIS 14535 (D. Mont. 1995); Joeckel v. Collector of Internal Revenue, 1995 U.S. Dist. LEXIS 9430 (D. Neb. 1995); Springer v. Collector of Internal Revenue, 1995 U.S. Dist. LEXIS 3210 (N.D. Okla. 1995); Standifird v. United States, 32 Fed. Cl. 731 (Fed. Cl. 1995); Parkhurst

v. Brown, 1994 U.S. Dist. LEXIS 10604 (E.D. Cal. 1994); Welch v. United States, 1994 U.S. Dist. LEXIS 10597 (N.D. Ill. 1994); Calhoun v. United States, 1994 U.S. Dist. LEXIS 569 (S.D. Ind. 1994); Voelz v. United States, 1994 U.S. Dist. LEXIS 19064 (S.D. Miss. 1994); Simmons v. United States, 875 F. Supp. 318 (W.D.N.C. 1994); Felkel v. United States, 861 F. Supp. 507 (D.S.C. 1994); Forman v. United States, 1993 U.S. Dist. LEXIS 9027 (D. Nev. 1993); Cunningham v. United States, 165 B.R. 599 (N.D. Tex. 1993); Matrix Dev. Corp. v. United States, 815 F. Supp. 297 (E.D. Wis. 1993); Rutledge v. United States, 1992 U.S. dist. LEXIS 10229 (N.D. Ala. 1992); Johnson v. United States, 1992 U.S. Dist. LEXIS 18296 (D. Neb. 1992); Johnson v. United States, 1992 U.S. Dist. LEXIS 18492 (D. Minn. 1992); United States v. Toyota of Visalia, 772 F. Supp. 481 (E.D. Cal 1991).

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE K. PRAGOVICH, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02079 (JR) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Having considered the United States' motion to dismiss the complaint,

together with the memorandum in support thereof, and having further

considered any opposition and reply thereto, the Court concludes that the motion

ought to be granted.  Accordingly, it is this _____ day of _____,

2008, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to

the parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

3300481.1

COPIES TO:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: Yonatan.Gelblum@usdoj.gov

GEORGE K. PRAGOVICH
CLAUDIA V. PRAGOVICH
*Plaintiffs pro se*
135 Westfield Ct. #1505
Clarksville, TN 37040

3300481.1