IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE K. PRAGOVICH, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-02079 (JR) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | **ORAL ARGUMENT** |
| Defendant. | ) | **REQUESTED** |
| | ) | |

**MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION TO DISMISS**

ISSUE PRESENTED

The plaintiffs allege that they may bring this suit, which relates to alleged activities of the Internal Revenue Service, as a <u>Bivens</u> cause of action, despite case law from this Court and from other circuits to the contrary. They also ask the Court to disregard <u>John R. Sand & Gravel Co. v. United States</u>, 128 S.Ct. 750 (2008) as irrelevant to the issue of the Court's subject matter jurisdiction under 26 U.S.C. § 7433, although it appears to limit much of the broad language in <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500 (2006) relied on by some judges of this Court in finding that section 7433's exhaustion requirement is nonjurisdictional. They further ask the Court to find that the administrative exhaustion provisions in 26 C.F.R. § 301.7433-1(d) are not legally binding, despite the fact that the

appropriate rulemaking procedures were followed. Should the Court dismiss the plaintiffs' lawsuit?

## ARGUMENT

The plaintiffs have failed to demonstrate why their suit should not be dismissed. It is well established that a <u>Bivens</u> cause of action is not available with regard to acts associated with tax administration, due to the availability of other remedies, and in any event, requires that the appropriate officials be joined as parties to the suit. Furthermore, contrary to the plaintiffs' assertions, <u>John R. Sand & Gravel</u> limits some of the broad language in <u>Arbaugh</u> that had been relied on by some judges of this Court in finding that the exhaustion requirement is nonjurisdictional, and thus implies that the requirement is indeed jurisdictional. It also implies that consistent judicial interpretation of a requirement as jurisdictional, as is true for section 7433(d), cautions against finding that it is not jurisdictional. 26 C.F.R. 301.7433-1 is a validly-promulgated regulation that establishes a legal standard for administrative claims pursuant to section 7433(d)(1), which the plaintiffs have failed to demonstrate or allege that they have met. Thus, the Court should dismiss the plaintiffs' suit.

I.     The Plaintiffs Cannot Bring This Suit under <u>Bivens</u>

The plaintiffs are unable to bring this suit, which asserts wrongdoing by employees of the Internal Revenue Service, under <u>Bivens v. Six Unknown Agents</u>

3417754.1

of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), because Bivens suits must be filed against individual government employees rather than against the United States, as is the case with this suit, and because Bivens suits are unavailable in connection with tax administration.  A Bivens suit is only available where a plaintiff does not have an adequate remedy against the government.  Shweiker v. Chilicky, 487 U.S. 412, 101 L. Ed. 2d 370, 108 S. Ct. 2460 (1988).  In light of the various provisions of the Internal Revenue Code granting jurisdiction to the courts to award relief to taxpayers, see, e.g., 26 U.S.C. §§ 7422-7436, it is generally accepted that Bivens suits cannot be maintained in connection with the assessment and collection of taxes.  Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007); Devore v. Gannett, 1999 U.S. Dist. LEXIS 15982 (D.D.C. 1999); Dacey v. Clapp, 1993 U.S. Dist. LEXIS 15815 (D.D.C. 1993).  See also Shreiber v. Mastrogiovanni, 214 F.3d 148, 154 (3d Cir. N.J. 2000); Fishburn v. Brown, 125 F.3d 979, 982-83 (6th Cir. 1997); National Commodity & Barter Assoc. v. Archer, 31 F.3d 1521, 1532 (10th Cir. 1994); Vennes v. Unknown Number of Unidentified Agents, 26 F.3d 1448, 1453-54 (8th Cir. 1994); McMillen v. United States, 960 F.2d 187, 190-91 (1st Cir. 1991) (dicta) (per curiam); Wages v. United States, 915 F.2d 1230, 1235 (9th Cir. 1990) (dicta); Cameron v. IRS, 773 F.2d 126, 129-30 (7th Cir. 1985).  Thus, the Court does not have jurisdiction under Bivens to here this suit,

as the plaintiffs assert.

II. John R. Sand & Gravel Supports the United States' Position that the Court Lacks Subject Matter Jurisdiction

Although John R. Sand & Gravel held that a timeliness requirement was jurisdictional, it is relevant to the jurisdictional nature of section 7433's exhaustion requirement because the manner in which the Court reached this conclusion appears to limit the broad language in Arbaugh (which itself dealt with a statutory provision unrelated to exhaustion) that some judges of this Court had relied on in finding section 7433's exhaustion requirement to be nonjurisdictional. Given that Judge Bates observed that whether section 7433(d) is jurisdictional is an "especially close question," Lindsey v. United States, 448 F. Supp. 2d 37 (D.D.C. 2006), the manner in which John R. Sand & Gravel limits Arbaugh, on which Lindsey relied, counsels for a reversal of Lindsey's holding.

John R. Sand & Gravel is relevant because it implies that the strictly textual standard applied by this Court, in reliance on Arbaugh, should instead give way to a multifactor test. Arbaugh contained language that appeared to imply that courts should apply a "readily administrable bright line test" under which only a textual statement in a statute can make a limitation on a cause of action jurisdictional. 514 U.S. at 516 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and

litigants will be duly instructed."). In contrast, John R. Sand & Gravel noted with approval that "broad[] system related goal[s]," including limitations of waivers on sovereign immunity, can be a basis for finding that limitations on a cause of action are jurisdictional, and determined that a timeliness requirement was jurisdictional based largely on a statute's legislative history and consistent judicial interpretations, as well as the statute's text.

As explained in the United States's moving papers, all four factors mentioned in John R. Sand & Gravel support a finding that Section 7433(d)'s exhaustion requirement is jurisdictional. Although no Supreme Court opinion has addressed this issue, the United States has cited to a consistent interpretation of the requirement by the lower courts as jurisdictional, an interpretation that Congress presumably endorsed when it reinserted the exhaustion provision into the statute in 1998, cf. Lorillard v. Pons, 434 U.S. 573, 580-81 (1978).1/ Under John R. Sand & Gravel, these historical interpretations are relevant to a determination of whether the provision is jurisdictional, and lend support to the United States' position that the plaintiffs' failure to exhaust their administrative remedies deprives the Court of jurisdiction.

Furthermore, prior holdings by judges of this Court finding section

---

1/ Contrary to the plaintiff's assertions, these opinions have never been overruled by the Supreme Court.

7433(d)'s exhaustion requirement to be nonjurisdictional relied in part on its placement near the statute's time limitation, and cited to Arbaugh's statement that "[t]ime prescriptions, however emphatic, are not properly typed 'jurisdictional.'" 126 S. Ct. at 1242.  See, e.g., Turner v. United States, 429 F. Supp. 2d 149, 154.  The implication was that because of its placement next to a "nonjurisdictional" statute of limitations, section 7433's exhaustion requirement was also nonjurisdictional.  However, John R. Sand & Gravel clearly refuted this language in Arbaugh, since it held that a time limitation can be jurisdictional, thus indicating that section 7433(d)'s placement does not imply that it is nonjurisdictional.

III.     26 C.F.R. 301.7433-1 Sets a Legally Binding Standard for Exhaustion

The plaintiffs' arguments that 26 C.F.R. 301-7433-1 is not legally binding lack merit.  The regulation is valid under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  Regulations issued by an agency interpreting and applying its governing statute are entitled to judicial deference, as long as they implement the statute in some reasonable manner.  Chevron, 476 U.S. at 843-45; Swallows Holding, Ltd. v. Commissioner, 515 F.3d 162, 169-70 (3d Cir. 2008).  Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the

Internal Revenue Code. 26 U.S.C. § 7805(a). When the statutory text does not directly and conclusively address the precise question covered by a regulation, an agency's construction of its governing statute through its regulations should be sustained as long as it is a reasonable policy choice for an agency to make. Chevron, 467 U.S. at 845; Swallows, 467 U.S. at 171-72. Here, the Treasury Department has drafted a reasonable and straightforward protocol spelling out the procedures to be followed in filing administrative claims. The plaintiffs simply chose to ignore those rules.

The plaintiffs' argument appears to be that the Treasury Decision announcing 26 C.F.R. § 301.7433-1 did not comply with Treasury Directives 28-01 and 25-03, in that it lacked a complete citation of the authority under which the regulation was issued, as required by 1 C.F.R. § 21.40. The Code of Federal Regulations, however, provides that the rules governing citations of authority and similar matters of form are not intended to affect the validity of regulations filed and published under the law. 1 C.F.R. § 5.1; Frederick v. Commissioner, 77 T.C.M. (CCH) 1909 (1999). Treasury Decision 8392, moreover, plainly states that the authority for the issuance of the regulation is 26 U.S.C. § 7805. 1992-1 C.B. at 428.

The plaintiffs further contend that the regulation did not comply with 5

U.S.C. § 553(b), which requires an agency to publish a notice of proposed rulemaking in the Federal Register. In fact, a notice of proposed rulemaking was published in the Federal Register on June 25, 1991, at 56 Fed. Reg. 28842.

IV.  Conclusion

For the foregoing reasons, the Court should dismiss the plaintiffs' complaint.

DATE: July 9, 2008.

        Respectfully submitted,

        /s/ Yonatan Gelblum
        YONATAN GELBLUM
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Washington, DC  20044
        Phone/Fax:  (202) 305-3136/514-6866
        Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE K. PRAGOVICH, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:07-cv-02079 (JR) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on the 9th day of July, 2008, by depositing a copy in the United States mail, postage prepaid, addressed as follows:

George K. Pragovich
Claudia V. Pragovich
135 Westfield Ct. #1505
Clarksville, TN 37040

/s/ Yonatan Gelblum
YONATAN GELBLUM

-8-

3417754.1