UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE K. PRAGOVICH, *et al.*,      :
                                     :
      Plaintiffs,                    :
                                     :
  v.                                 :   Civil Action No. 07-2079 (JR)
                                     :
UNITED STATES OF AMERICA,            :
                                     :
      Defendant.                     :

### MEMORANDUM

*Pro se* plaintiffs George and Claudia Pragovich sue the United States Government seeking money damages for asserted violations of the Internal Revenue Code.[1]  The case is similar to an earlier one brought by the same plaintiffs (and dismissed). *Pragovich v. United States*, 2007 WL 521890 (D.D.C. 2007).  It is genetically indistinguishable from a gaggle of other tax protest suits that have been filed in this court, and it is almost identical to one dismissed by Judge Huvelle in *Wesselman v. United States,* 501 F. Supp. 2d 98 (D.D.C. 2007).  Because this court has no jurisdiction over many of the plaintiffs' claims, and because the plaintiffs have failed to exhaust their administrative remedies as to the rest, the government's motion to dismiss will be granted.

---

[1] A conspicuous footnote to the complaint disavows any claim for declaratory or injunctive relief, or for a tax refund -- remedies that are unavailable to these plaintiffs anyway.

**Analysis**

This court does not have jurisdiction to hear claims for money damages under the Administrative Procedure Act. 5 U.S.C. § 702. There is no waiver of sovereign immunity for a damages claim in the Federal Records Act or the National Archives Act. *See, Ross v. United States*, 460 F. Supp. 2d 139, 148-50 (D.D.C. 2006). No *Bivens* remedy is available to the plaintiffs because the internal Revenue Code contains a comprehensive remedial scheme. *Marsoun v. U.S.*, 591 F. Supp. 2d 41, 47-48 (D.D.C. 2008) (*citing, Wilson v. Libby,* 535 F.3d 697, 705 (D.C. Cir. 2008)). The only waiver of sovereign immunity applicable to the plaintiff's claims is found in 26 U.S.C. § 7433, which is limited to actions seeking damages "in connection with any collection of Federal tax with respect to a taxpayer." All of the plaintiffs counts that deal with issues other than the collection of taxes -- counts 1-19, 27-29, and 33 -- must therefore be dismissed for lack of jurisdiction. Fed. R. Civ. Pro. § 12(b)(1); *accord*, *Wesselman,* 501 F. Supp. 2d at 100-101.

Section 7433(d)(1) states that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." The exhaustion procedures are set out in 26 C.F.R. § 301.7433-1. The defendants urge me to reverse the position I took in *Gross v.*

*United States*, 2006 U.S. Dist. LEXIS 68965 at *1 fn. 1 (D.D.C. 2006), that this exhaustion requirement is non-jurisdictional, arguing that, in relevant part, the Supreme Court's recent decision in *John R. Sand & Gravel Co. v. United States,* ---U.S. ----, 128 S.Ct. 750 (2008), has undermined my reliance on *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), and *Avocados Plus v. Veneman,* 361 U.S. App. D.C. 519, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004). I decline to do so for substantially the same reasons articulated by Judge Bates in the *Marsoun* case, *i.e.*, that *John R. Sand & Gravel* provides little support for the defendant's position. *Marsoun*, 591 F. Supp. 2d at 44-45.

In any event, the plaintiffs do not assert that they have exhausted their administrative remedies. Instead, they argue that § 301.7433-1 is a nonbinding "interpretive" rule that courts should ignore or invalidate. Their assumption, apparently, is that regulations issued under 26 U.S.C. § 7805(a)'s general grant of authority after notice and comment, which have been called "interpretive," are like the non-binding interpretations issued by some administrative agencies to clarify existing duties, but which are not the product of notice and comment rulemaking and do not have the force of law. This

assumption is mistaken.  Regulations issued under § 7805 after notice and comment do have the force of law.[2]

Because it is "quite clear" from the "statutory and historical context" of § 7433(d)(1) "that Congress has implicitly authorized the IRS to prescribe the details of administrative exhaustion," *Evans v. U.S.*, 433 F. Supp. 2d 17, 22  (D.D.C. 2006), and thus that the "IRS ha[d] authority under 26 U.S.C. § 7805(a), and § 7433 itself, to promulgate the exhaustion regulation," *Marsoun*, 591 F. Supp. 2d at 46; because the regulation is reasonable; and because the plaintiffs have given me no reason to do otherwise; I will follow the lead of several of my learned colleagues and find that the regulation is deserving of deference and valid.  *See, e.g., Evans,* 433 F. Supp. 2d at 22; *O'Connor v. U.S.*, 2007 WL 274755 (D.D.C. 2007);

---

    [2]The fact that regulations are issued under § 7805 are "interpretive" raises the question of whether their validity will be reviewed using the analysis prescribed by *National Muffler Dealers Ass'n, Inc.*, v. U.S., 440 U.S. 472 (1979), and its more recent derivatives, or under *Chevron USA, Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984).  *See*, *Swallows Holding, Ltd. V. C.I.R.,* 515 F.3d 167, 168 (3rd Cir. 2008).  The D.C. Circuit appears to have resolved the matter by applying *Chevron*.  *See*, *Tax Analysts v. IRS,* 350 F.3d 100, 103 (D.C. Cir. 2003); *New Millennium Trading, L.L.C. v. C.I.R.*, 131 T.C. No. 18, 2008 WL 5330940 (U.S. Tax Ct. 2008) ("The U.S. Court of Appeals for the District of Columbia Circuit has held that regulations issued under the general authority of the IRS to promulgate necessary rules are entitled to *Chevron* deference.") (citing *Tax Analysts*).

*Anderson v. U.S.*, 2007 WL 2059737 (D.D.C. 2007); *Rippl v. U.S.*, 2006 WL 2024966 (D.D.C. 2006).³

The plaintiffs' argument that the regulation is not binding because it was not properly promulgated also fails: notice was published in the Federal Register. Civil Cause of Action for Unauthorized Collection Actions, 56 Fed. Reg. 28842 (June 25, 1991). The regulation's validity would not be compromised, in any event, by technical Treasury Directives. *See,* 1 C.F.R. § 5.1. The plaintiffs have made no showing of exhaustion, and so their claims in counts 20-26 and 30-32 must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. § 12(b)(6).

**\* \* \***

An appropriate order accompanies this memorandum.


JAMES ROBERTSON
United States District Judge

---

³Even under *National Muffler* I "must still treat the regulation with deference," *Boeing Co. v. U.S.*, 537 U.S. 437 (2003) (*citing, Cottage Savings Assn. v. Commissioner*, 499 U.S. 554, 560-561 (1991)), and "defer to the Commissioner's regulations as long as they implement the congressional mandate in some reasonable manner," *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 219 (2001), because "Congress has delegated to the [Secretary of the Treasury and his delegate, the] Commissioner [of Internal Revenue], not to the courts, the task of prescribing all needful rules and regulations for the enforcement of the Internal Revenue Code," *Nat'l Muffler Dealers Ass'n v. United States,* 440 U.S. 472, 4777 (1979) (*quoting United States v. Correll*, 389 U.S. 299, 307 (1967)). The regulation here is reasonable.